IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                     No. CIV S-06-1238 FCD GGH P

    vs.

LIEUTENANT J. FLIINT, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's April 6, 2007, motion for an extension of time to conduct discovery and three motions to compel.

        The discovery deadline is June 8, 2007. Plaintiff argues that his ability to conduct discovery was hampered by his recent transfer. Plaintiff's motions to compel indicate that plaintiff has had adequate opportunity to conduct discovery. Accordingly, this request is denied.

        The pending motions to compel were filed on May 11, 2007, and May 14, 2007. On May 22, 2007, defendants filed an opposition to these motions. The motions concern defendants' responses to requests for production of documents and interrogatories. Plaintiff argues that defendants refused to provide a "complete and full response" to almost all of the interrogatories served on defendants. Plaintiff also argues that responses to almost all of the

1

interrogatories and requests for production of documents are incomplete and evasive. Attached to the motion to compel are copies of defendants' responses to the discovery requests.

As observed by defendants in their opposition, plaintiff provides no specific argument in support of his motions. For example, plaintiff argues that responses to interrogatories nos. 1-25 by defendants Flint, Kernan, Holmes, O'Brian, Blackburn a nd Yubarra are incomplete, but makes no other argument in support of this contention. In essence, plaintiff is asking the court to make his argument for him. It is not the court's duty to review the response of each defendant to each discovery request in order to determine whether a response is somehow inadequate. It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete. For these reasons, the motions to compel are denied.

In the motions to compel, plaintiff also requests permission to serve more than 25 interrogatories. Plaintiff has not shown good cause to exceed the 25 interrogatory limit set forth in Fed. R. Civ. P. 33(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 6, 2007, motion to extend the discovery deadline is denied;

2. Plaintiff's motions to compel filed May 11, 2007 (nos. 50, 51), and May 14, 2007 (no. 53), are denied.

DATED: 5/31/07                                         /s/ Gregory G. Hollows

                                                       GREGORY G. HOLLOWS
                                                       UNITED STATES MAGISTRATE JUDGE

will1238.com