IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                          No. CIV S-06-1238 FCD GGH P

    vs.

LIEUTENANT J. FLIINT, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are four motions to compel filed by plaintiff as well as a motion to extend the discovery cut-off.

June 14, 2007, Motion to Extend the Discovery Cut-Off (no. 63)

        Pursuant to the February 13, 2007, scheduling order, the discovery cut-off date was June 8, 2007. In the pending motion, plaintiff requests until June 22, 2007, to file motions to compel. It appears that this request applies to the four pending motions to compel.

        As will be discussed infra, based on application of the mailbox rule, only one of the four pending motions to compel is untimely. See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (under the "mailbox rule," a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail.) Plaintiff has not shown good cause to

1

grant his request for extension of time as to the one untimely motion to compel. Accordingly, the motion to extend the discovery cut-off date as to the motion to compel filed June 21, 2007 (no. 66), is denied.

June 4, 2007, Motion to Compel (no. 59)

Plaintiff seeks to compel further responses by defendant Flint to his first request for production of documents, nos. 2, 3, 6, 8-20. Plaintiff also seeks to compel further responses by defendant Flint to his first set of interrogatories, nos. 5 and 7. Plaintiff also seeks to compel further responses by defendant Holmes to plaintiff's first request for production of documents, nos. 3, 4, 8, 10, 12-18, 21-25, and first set of interrogatories, no. 22. Plaintiff also seeks to compel further responses by defendant Blackburn to his first set of interrogatories, nos. 23, 24, and further responses by defendant Ybarra to his first set of interrogatories, nos. 4, 5, 16 and 18.

On June 12, 2007, defendants filed an opposition to this motion to compel.

Plaintiff argues that defendants "responded with defective replies which are evasive and/or incomplete disclosures, answers, or responses..." Attached to the motion to compel are copies of defendants' responses to the discovery requests.

Plaintiff provides no specific argument in support of his motions. In essence, plaintiff is asking the court to make his argument for him. It is not the court's duty to review the response of each defendant to each discovery request in order to determine whether a response is somehow inadequate. It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete. For these reasons, the motion to compel is denied.

June 18, 2007, Motion to Compel (no. 64)

Plaintiff seeks to compel further responses to his first set of interrogatories addressed to the following defendants: Kernan (nos. 3, 5, 9, 10, 17, 19, 20, 21, 22 and 25), Malfi (nos. 3, 4, 5, 8, 13, 14, 16, 17, 19, 22 and 24), Hill (nos. 5, 8, 20, 24 and 25), Leiber (nos. 2, 12, 17 and 24), O'Brian (nos. 3, 4, 14, 15, 18, 22, 23), Mayfield (nos. 3, 5, 10, 13, 17, 19, 20, 22,

23), Smith (nos. 6, 15, 23).

Plaintiff also seeks to compel further responses to his second request for production of documents as to the following defendants: Flint (nos. 1-25).  Plaintiff also seeks to compel further responses to his first request for production of documents as to the following defendants: Kernan (nos. 1-25), O'Brian (nos. 1-8, 10, 12, 14, 17, 18-23, 25), Malfi (nos. 8, 10-18, 20-23).

On June 28, 2007, defendants filed an opposition to this motion.  Defendants first argue that this motion is untimely as the deadline for motions to compel was June 8, 2007.  The proof of service indicates that this motion was mailed on June 7, 2007.  Pursuant to the mailbox rule, this motion is timely.

Plaintiff previously filed a motion to compel regarding the same responses to his first set of interrogatories.  <u>See</u> Motion to Compel filed May 11, 2007, court file doc. # 51.  In this motion to compel, plaintiff argued that defendants' responses were incomplete and evasive.  On May 31, 2007, the court denied this motion to compel on grounds that plaintiff had provided no specific argument in support of his motion.  The court found that plaintiff had not met his burden to describe why the at-issue responses were inadequate.

In the pending motion to compel, plaintiff attempts to cure the defects of the May 11, 2007, motion to compel.  However, plaintiff again fails to describe why the responses to the at-issue interrogatories are inadequate.  He again generally argues that the responses are vague and inadequate.[1]  It is not the court's duty to review each discovery response for plaintiff to

---

[1] Interrogatory no. 20 addressed to defendant Hill asked him to explain what relief plaintiff was afforded based on the granting of appeal no. SAC C-05-00947.  Defendant Hill responded that the relief provided was set forth in the response to this appeal which was part of plaintiff's central file, which was available for plaintiff's inspection and copying.  On its face, this response is adequate.  Plaintiff's motion to compel does not address why this response is inadequate.

Interrogatory no. 17 addressed to defendant Lieber asked him to explain why defendant Holmes was not interviewed in appeal no. SAC C-06-00958 to confirm that plaintiff had been advertised as a gang/disruptive group member on March 23, 2006.  Defendant Lieber responded that he did not know why Sergeant Colvin did not interview defendant Holmes in reviewing this

determine whether a response is adequate. On these grounds, the motion to compel is denied.

Plaintiff previously filed a motion to compel regarding the same responses to requests for production of documents that are at-issue in the instant action. <u>See</u> Motion to Compel filed May 14, 2007, court file doc. # 53. On May 31, 2007, the court denied this motion to compel on grounds that plaintiff had provided no specific argument in support of his motion. As with the motion to compel filed May 14, 2007, plaintiff had not met his burden to describe why the at-issue responses were inadequate.

For the reasons discussed above, plaintiff's motion to compel filed June 18, 2007, is denied.

<u>June 18, 2007, Motion to Compel (no. 65)</u>

This motion to compel seeks to compel further responses to plaintiff's first request for production of documents as to the following defendants: Flint (nos. 2, 3, 6, 8, 9, 10-16, 18-20), Holmes (nos. 3, 4, 8, 10, 12-18, 21-25). Plaintiff argues that defendants' responses are "erroneous and opinion made assersions [sic]..." Plaintiff further argues that his requests are relevant and that defendants' assertion of the privacy privilege is without merit. Attached to the motion to compel are copies of defendants' responses to the discovery requests.

Defendants first argue that the motion should be denied as untimely as the deadline for motions to compel was June 8, 2007. The proof of service attached to the motion states that it was mailed on June 7, 2007. Pursuant to the mailbox rule, the motion is timely.

Again, plaintiff provides no specific argument in support of his motions. In essence, plaintiff is asking the court to make his argument for him. It is not the court's duty to

---

appeal at the first level. Defendant Leiber stated that the appeal originally complained about defendant Lieber and not defendant Holmes. On its face, this response is adequate. Plaintiff's motion to compel does not address why this response is inadequate.

Interrogatory no. 17 asked defendant Mayfield to explain why "behavioral information obtained by plaintiff which indicated gang/disruptive group none [sic] did not entitle relief at the time" defendant responded to appeal no. SAC C-05-00308. Defendant Mayfield responded that the interrogatory was vague because it did not identify "behavioral information." This objection has merit. The motion to compel does not address why this term is not vague.

1  review the response of each defendant to each discovery request in order to determine whether a
2  response is somehow inadequate.  It is plaintiff's burden to describe why a particular response is
3  inadequate.  It is not enough to generally argue that all responses are incomplete.
4        For example, request no. 3 addressed to defendant Holmes asks for all documents
5  which would indicate, mention or verify empty cell locations on CSPS C-Facility on June 2,
6  2005.  Without waiving objection and upon reasonable inquiry, defendant responded that there
7  are no documents responsive to this request.  The motion to compel does not address plaintiff's
8  objection to this response.  Without knowing plaintiff's issue with this response, the court cannot
9  address it.
10       Request no. 19 addressed to defendant Flint asked for all documents regarding
11 investigations by the California Department of Corrections & Rehabilitation into any citizen's
12 complaint filed on plaintiff's behalf by any citizen regarding the issues raised in this lawsuit.
13 Without waiving objection, defendant Flint responded that he does not have custody or control of
14 documents regarding citizen's complaints that are not in plaintiff's central or medical files, and
15 that plaintiff could himself review these files.  The motion to compel does not specifically
16 address why plaintiff finds this response to be inadequate.
17       For the reasons discussed above, the motion to compel is denied.
18 <u>June 21, 2007, Motion to Compel (no. 66)</u>
19       Defendants argue that this motion should be denied as untimely as the deadline for
20 motions to compel was June 8, 2007.  The proof of service attached to the motion states that it
21 was mailed on June 16, 2007.  Pursuant to the mailbox rule, this motion is timely.
22       Accordingly, IT IS HEREBY ORDERED that:
23       1. Plaintiff's June 14, 2007, motion to extend the discovery cut-off date (no. 63)
24 is denied;
25       2. Plaintiff's motion to compel filed June 4, 2007 (no. 59), is denied;
26       3. Plaintiff's motion to compel filed June 18, 2007 (no. 64), is denied;

4. Plaintiff's motion to compel filed June 18, 2007 (no. 65), is denied;

5. Plaintiff's motion to compel filed June 21, 2007 (no. 66), is denied.

DATED: 8/3/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

will1238.com(2)