IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                                           No. CIV S-06-1238 FCD GGH P

    vs.

LIEUTENANT J. FLINT, et al.,

    Defendants.                      <u>ORDER</u>

                                  /

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's June 6, 2007, motion for leave to file an amended complaint. Attached to the motion is the proposed amended complaint. On June 14, 2007, defendants filed an opposition to the motion. For the following reason, plaintiff's motion is granted in part and denied in part.

<u>Claims on Which This Action is Proceeding</u>

This action is proceeding on the amended complaint filed October 5, 2006, as to defendants Blackburn, Cervantes, Flint, Hill, Holmes, Kernan, Leiber, Malfi, Mayfield, O'Brian, Smith and Ybarra. Plaintiff alleges that following his transfer to California State Prison-Sacramento (CSP-Sac) in December 2004, he was improperly classified as a gang member/affiliate. Through 2005, defendants failed to respond to his appeals regarding this issue.

On May 25, 2005, plaintiff was informed that he was being transferred to a different building. During the transfer process, plaintiff became emotionally distressed and requested to be seen by a mental health professional. Defendants denied this request. Plaintiff then attempted to kill himself.

On June 1, 2005, plaintiff was released from mental health housing and taken to disciplinary segregation, where he was "advertised" as a gang member. On June 2, 2005, plaintiff was released to the general population where he was improperly housed with a gang member. Plaintiff again suffered mental distress and was admitted to the mental health crisis unit.

Proposed Amendments

The proposed second amended complaint includes all of the claims contained in the operative amended complaint. The proposed second amended complaint names 14 new defendants: Mendoza, Zuber, Rios, Wenkler, Jibb, Wilson, Overstreet, Walker, Baughman, Ramos, Bishop, Colvin, Hobart and Lopez. The proposed second amended complaint includes new allegations regarding events occurring before and after the filing of the second amended complaint on October 5, 2006. Therefore, plaintiff seeks to both amend and supplement his complaint.

*Events Occurring Before October 5, 2006*

The claims contained in the proposed amended complaint regarding events occurring before October 5, 2006, are as follows. Plaintiff alleges that in May 2006 he complained to defendant Overstreet that the administrative appeal system was defective. Proposed Second Amended Complaint, ¶ 74. On June 29, 2006, defendants Winkler and Bishop falsely accused plaintiff of being out of bounds and ordered him to submit to a strip search. Id., ¶ 81. On June 29, 2006, defendant Hobart charged plaintiff with refusing to submit to a strip search, for which he was assessed 30 days loss of credits. Id., ¶ 88.

\\\\\

On July 17, 2006, plaintiff helped inmate Wright prepare a group appeal regarding defendant Wenkler's ongoing mistreatment of African American inmates. Id. ¶ 89. Defendants Wenkler and Bishop interviewed plaintiff regarding the appeal. Id., ¶ 90. Defendant Bishop became enraged with plaintiff during the interview, and ordered him placed into a holding cage which was 90 degrees inside. Id., ¶ 91. Defendants Malfi and Leiber obstructed plaintiff's administrative appeals regarding this incident. Id., ¶ 92.

On August 11, 2006, defendant Leiber and Baughman ordered defendant Holmes to bar plaintiff from C facility and transfer him to B facility in retaliation for plaintiff's legal activities. Id., ¶ 93. Prior to the transfer, defendant Holmes told plaintiff, "you've made some serious allegations against us to the court, so now we're going to send you somewhere where you can answer for the reason you got kicked out of the gang, and if you refuse I'm putting you in the hole." Id. ¶ 94.

After the transfer to B Facility, plaintiff suffered mental distress. Id., ¶ 96. On August 18, 2006, defendant Ramos interviewed plaintiff regarding his transfer to B Facility. Id., ¶ 98. Defendant Ramos told plaintiff that he was placed in segregation for safety concerns, to which plaintiff responded that this was a bogus reason. Id., ¶ 98. Defendant Ramos ordered plaintiff placed into a holding cage. Id., ¶ 99. After being abandoned in the holding cage, plaintiff cut his wrists. Id., ¶ 101. On approximately August 26, 2006, plaintiff was admitted to the mental health crisis unit. Id., ¶ 103. During this time, defendant Mendoza destroyed plaintiff's personal property. Id., ¶ 104.

*Events Occurring After October 5, 2006*

On October 26, 2006, defendants Mendoza, Rios and Zuba locked plaintiff in a holding cage for over five hours, during which time they verbally abused him. Id., ¶¶ 108, 109. While in the holding cage, defendant Baughman denied plaintiff's request to see a doctor regarding his leg. Id., ¶ 110. On November 6, 2006, plaintiff filed an administrative appeal regarding defendant Mendoza. Id., ¶ 111.

In December 2006, defendants Malfi and Mayfield told plaintiff to contact defendant Jubb regarding his appeals concerning his improper classification as a gang member. Id., ¶ 112. In January 2007, defendant Jubb told plaintiff to provide him with the probation report, on which the gang member classification was based. Id., ¶ 114. Plaintiff gave defendant Jubb the report. Id., ¶ 115. In March 2007, plaintiff asked defendant Jubb to remove the gang classification. Id., ¶ 115. Defendant Jubb threatened to increase plaintiff's classification score if he insisted on pressing his point. Id.

Between September 2006 and December 2006, defendant Mendoza abandoned his post to harass plaintiff. Id., ¶ 116. In November 2006, defendant O'Brian improperly processed plaintiff's appeal regarding defendant Mendoza's conduct. Id., ¶ 117. In March 2007, defendant Walker authorized defendant O'Brian to have plaintiff placed into administrative segregation. Id., ¶ 121.

Discussion

The standard used to evaluate proposed amended complaints and supplemental complaints are similar.[1] The court considers five factors in evaluating a motion for leave to file an amended complaint: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

Courts have broad discretion in allowing supplemental pleadings under Fed. R. Civ. P. 15(d):

> Rule 15(d) of the Federal Rules of Civil Procedure provides for...supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance

---

[1] In their opposition, defendants discuss only the standard for motions for leave to amend.

4

> when fairness appears to require them.
>
> *****
>
> ...The clear weight of authority, however, in both the cases and the commentary, permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy...

Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).

However, supplementation may not be used "to introduce a separate, distinct and new cause of action." Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 40-03 (9th Cir. 1997).

The court first considers plaintiff's motion to amend his complaint to include claims regarding events occurring before October 5, 2006. As discussed above, the gravamen of the operative amended complaint is the claim that plaintiff was improperly labeled as a gang member, and the resulting injuries he suffered. The claims raised in the proposed second amended complaint regarding events occurring before October 5, 2006, are not directly related to these events.[2]

In his reply to defendants' opposition, plaintiff argues that he could not include the new claims in his operative amended complaint as they were only recently administratively exhausted. While this may not constitute "bad faith" on plaintiff's part, the court is unwilling to allow plaintiff to amend his complaint every time he exhausts a new and unrelated claim. This will significantly delay resolution of this action, prejudicing both the court and defendants. This factor outweighs any other factor weighing in favor of amendment. Accordingly, the motion to amend to include the claims regarding events occurring before October 5, 2006, is denied. Plaintiff must file a new action if he wishes to proceed with these claims.

\\\\\

---

[2] Plaintiff alleges that he was transferred to B Facility in retaliation for his legal activities and that prior to the transfer, defendant Holmes told him that he would have to answer for why he was *kicked out* of the gang. Plaintiff does not allege that his transfer was based on his improper classification as a gang member.

The court now turns to the proposed new claims regarding events occurring after October 5, 2006. The only new claim relating to the events raised in the operative amended complaint is that defendant Jubb refused to remove the gang classification after plaintiff provided him with the probation report. These allegations state a colorable claim for relief against defendant Jubb. Accordingly, the motion to supplement the complaint to include this claim is granted. However, because the other claims concern separate and distinct causes of action, the motion to supplement to include these claims should be denied.

In the opposition defendants argue that plaintiff should not be allowed to amend or supplement his complaint because he did not exhaust his administrative remedies regarding this claim prior to filing this action. Administrative exhaustion is an affirmative defense rather than a pleading requirement. Wyatt v. Terhune, 305 F.3d 1033, 1044 (9th Cir. 2002). Therefore, denial of a motion for leave to amend or to supplement on this ground is not proper. In any event, defendants' assertion that plaintiff may not proceed with related claims exhausted after the filing of this action is not so clear.

The court will deem the answer filed by defendants Blackburn, Cervantes, Flint, Hill, Holmes, Kernan, Leiber, Malfi, Mayfield, O'Brian, Smith and Ybarra to the original complaint as responsive to the supplemental complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 6, 2007, motion for leave to amend is granted as to the claim that defendant Jubb refused to remove the gang classification; the motion to amend is denied in all other respects;

2. The Clerk of the Court shall send plaintiff 1 USM-285 forms, one summons, an instruction sheet and a copy of the second complaint filed June 6, 2007;

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

\\\\\

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form; and

d. Two copies of the endorsed second complaint filed June 6, 2007.

DATED: 8/7/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

will1238.supp

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

      Plaintiff,

      vs.

LIEUTENANT J. FLINT, et al.,

      Defendants.

                                      /

No. CIV S-06-1238 FCD GGH P

NOTICE OF SUBMISSION
OF DOCUMENTS

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____ completed summons form

      _____ completed USM-285 forms

      _____ copies of the _____
                              Complaint/Amended Complaint

DATED:

                                                Plaintiff